UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | CASE NO. 5:06-CV-1812 |
|---|---|---|
| LISA THOMAS, | : | |
| | : | |
| Plaintiff, | : | ORDER & OPINION |
| | : | |
| vs. | : | |
| | : | [RESOLVING DOC. NO. 9] |
| DAVID G. ROBERTS et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Michael Hayley moved the Court to dismiss the complaint of Plaintiff Lisa Thomas for a lack of subject matter jurisdiction. [Doc. No. 7.] Plaintiff opposes the motion to dismiss and, in the alternative, moves the Court for leave to amend her complaint. [Doc. No. 9.] For the following reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint.

"In *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), [the Supreme] Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. *Id.*, at 267. We have adhered to that statutory interpretation ever since." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the instant case, Defendant Hayley argues that complete diversity does not exist as Plaintiff Thomas and Defendant Hayley are both residents of Ohio. Plaintiff Thomas concedes this point.

Plaintiff Thomas moves this Court for leave to amend her complaint to dismiss Defendant Hayley, suggesting that where complete diversity is compromised by inclusion of a dispensable

-1-

Case No. 06-1908
Gwin, J.

party, the Court may permit amendment of the pleadings. Whether to permit such an amendment is governed by a three-step analysis pursuant to Fed. R. Civ. P. 19. The Court must first determine whether Defendant Hayley is a necessary party to the case pursuant to Fed. R. Civ. P. 19(a). If Hayley is deemed a necessary party to the case, the Court must consider whether his joinder eliminates the basis for subject matter jurisdiction. As noted previously, Defendant Hayley's continued joinder would eliminate the Court's diversity jurisdiction. The final step involves an analysis under Fed. R. Civ. P. 19(b), which lists the factors to be considered in determining whether an action should proceed among the remaining parties or be dismissed because the necessary party is also indispensable:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19(b). Any party who is deemed either unnecessary or dispensable may be dropped from the case pursuant to Fed. R. Civ. P. 21.

In the instant case, Plaintiff Thomas alleges that she was the passenger of a motorcycle driven by Defendant Hayley when it was struck by a car driven by Defendant Roberts. She claims that both defendants were joint tortfeasors who negligently operated their respective vehicles, proximately causing her significant injury.

Plaintiff properly notes, "a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (per curiam) (noting that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit"). The

-2-

*PaineWebber* Court also explained that "multiple proceedings and inconsistent results in state and federal court . . .can occur whenever joint tortfeasors are not parties to the same lawsuit. This form of prejudice, however, does not require a finding that joint tortfeasors are necessary or indispensable parties." *PaineWebber*, 276 F.3d at 204 (citing FED. R. CIV. P. 19 advisory committee notes (clarifying that, under Rule 19(a), "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability")).

Therefore, as Defendant Hayley is merely a joint tortfeasor, he does not qualify as a necessary party under the first step of analysis under Fed. R. Civ. P. 19(a). Since indispensable parties are a subset of necessary parties, Defendant Hayley cannot be an indispensable party either. Thus, he may be dropped from the action pursuant to Fed. R. Civ. P. 21.

For the aforementioned reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint dropping Defendant Hayley from the case.

IT IS SO ORDERED.


Dated: December 13, 2006              s/        *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE